ORIGINAL

# In the United States Court of Federal Claims

No. 15-329C
(Filed July 31, 2015)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                              *
                                              *
NATALIA V. COOK,                              *
                                              *
                Plaintiff,                    *
        v.                                    *
                                              *
THE UNITED STATES, and                        *
                                              *
                Defendant.                    *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

FILED
JUL 31 2015
U.S. COURT OF
FEDERAL CLAIMS

## MEMORANDUM OPINION AND ORDER

WOLSKI, Judge.

Pending before the Court is defendant's motion to dismiss the case for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted, filed under Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). Because plaintiff has missed the deadline to respond, July 2, 2015, dismissal under RCFC 41(b) is warranted. But taking into consideration plaintiff's *pro se* status, the Court has taken the additional step of reviewing her complaint and the government's motion to confirm whether jurisdiction over the subject matter is lacking, and has found this to be the case.

### I. BACKGROUND

On March 31, 2015, plaintiff Natalia V. Cook filed this *pro se* action against the United States and the City of New York. Compl. at 1. Plaintiff raises four claims in her complaint: (1) the New York City Department of Homeless Services ("DHS") and other municipal entities did not provide her with the basic services required by state and Federal law; (2) DHS committed an intentional tort by preventing her from finding work; (3) New York City maintains shelters that violate basic constitutional and human rights; and (4) in violation of the Fifth Amendment, DHS took plaintiff's property without providing just compensation. Compl. at 4-5.

In response, defendant filed a motion to dismiss this case under RCFC 12(b)(1) and 12(b)(6). Defendant challenges each of the plaintiff's claims. First, defendant argues that DHS and other municipal entities cannot be sued in this Court because the Court of Federal Claims only has jurisdiction to hear cases against the *federal government*. Def. Mot. at 5. Second, defendant argues that the Tucker Act does not give this Court authority to hear plaintiff's *tort* claim. *Id.* at 5-6. Third, defendant argues that the Fourth and Fourteenth Amendments are not money-mandating and that the plaintiff cannot use them for monetary recovery. *Id.* at 6. Finally, defendant contends that while this Court would have jurisdiction to entertain a takings claim brought against the federal government under the Fifth Amendment, if so construed the takings claim should be dismissed under 12(b)(6) because plaintiff has not provided enough detail to satisfy her pleading requirements. *Id.* at 7.

## II. DISCUSSION

### A. Applicable Legal Standard

Whether a federal court has jurisdiction to decide the merits of a case is a threshold matter. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868)). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the case." *Ex parte McCardle*, 74 U.S. at 514. The parties or the court *sua sponte* may challenge the existence of subject matter jurisdiction at any time. *Capron v. Van Noorden*, 6 U.S. (2 Cranch) 126, 127 (1804); *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004); *James v. United States*, 86 Fed. Cl. 391, 394 (2009).

When considering whether to dismiss for lack of jurisdiction, a court assumes that the allegations in the complaint are true and construes those allegations in the plaintiff's favor. *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995). *Pro se* plaintiff's complaints, "'however inartfully pleaded,' are held 'to less stringent standards than formal pleadings drafted by lawyers . . . .'" *Hughes v. Rowe*, 449 U.S. 5, 10 n.7 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). However, while "leniency with respect to mere formalities should be extended to a *pro se* party," *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987), a *pro se* plaintiff is not excused from his or her burden of proving, by preponderance of the evidence, that the court possesses jurisdiction. *See Henke*, 60 F.3d at 799; *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 188-89 (1936); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

## B. Analysis

Under the Tucker Act, the United States Court of Federal Claims has jurisdiction "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Congress has thus given our Court the power to hear and award claims for money damages to which parties are entitled by virtue of specific laws, usually referred to as a "money-mandating statute." *See Contreras v. United States*, 64 Fed. Cl. 583, 588 (2005).

### *1. Subject-Matter Jurisdiction*

The government is correct that the complaint does not concern matters within our jurisdiction under the Tucker Act, 28 U.S.C. § 1491. While a *pro se* plaintiff's filings must be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), this lenient standard cannot save claims which are outside this court's jurisdiction from being dismissed. *See, e.g., Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

Because this Court can only hear claims against the *federal* government, *see* RCFC 10(a), we do not have jurisdiction over plaintiff's claims against the City of New York and its municipalities for violations of state law. That is, "[c]laims founded on state law are . . . outside the scope of the limited jurisdiction of the Court of Federal Claims." *See Hicks v. United States*, 118 Fed. Cl. 76 (2014) (quoting *Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007). The actions of a state or municipal government are not taken by the federal government, and cannot be the basis for a claim within our jurisdiction. *Gharb v. United States*, No. 12-911C, 2013 WL 4828589, at *6 (Fed. Cl. Sept. 9, 2013).

This Court lacks subject matter jurisdiction on other grounds, as well. This court cannot hear Ms. Cook's tort claims because the Tucker Act expressly limits our jurisdiction to "cases not sounding in tort." 28 U.S.C. § 1491(a)(1); *see also Sellers v. United States*, 110 Fed. Cl. 62, 67 (2013). Further, plaintiff's reliance on the Fourth and Fourteenth Amendments is misplaced because they are not money-mandating. And if a statute is not money-mandating, the plaintiff cannot use it to recover. *See Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (holding that the Fourteenth Amendment is not mandating); *see also Jones v. United States*, 104 Fed. Cl. 92, 99 (2012) (holding that "with the exception of the takings clause of the Fifth Amendment . . . the other Amendments do not require the United States to pay money for a violation."). Finally, although plaintiff relies on the Fifth Amendment for her takings claim (which *is* money-mandating), her claim is against the City of New York and *not the federal government* and must be dismissed for lack

of subject matter jurisdiction, as discussed above. *See Souders v. S.C. Pub. Serv. Auth.*, 497 F. 3d 1303, 1307 (Fed. Cir. 2007).

### *2. Other Matters*

The government's motion in the alternative, under RCFC 12(b)(6), need not be reached. It rests on the possibility of construing Ms. Cook's takings claim as concerning the federal government. But while a takings claim based on state or local government actions may be entertained by our court when a complaint alleges that the non-federal government entity was acting as an agent of the United States, *see Rose Acre Farms, Inc., v. United States*, 373 F.3d 1177, 1196 (Fed. Cir. 2004); *Hasson v. United States*, 41 Fed. Cl. 149, 150 (1998), no such allegation may be reasonably inferred from Ms. Cook's complaint.

Plaintiff's application for *in forma pauperis* status is **GRANTED**. She is relieved of the obligation to pay the filing fee for this case.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendant's motion to dismiss this case for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1). The Clerk shall close the case.

**IT IS SO ORDERED.**

_____
VICTOR J. WOLSKI
Judge